69 N.J. Super. 175 (1961)
174 A.2d 16
SIMON BLOOM, T/A N.J. FOREIGN LANGUAGE NEWSPAPERS ADVERTISING AGENCY, JEWISH LEDGER-N.J., AND VETERANS NEWS, PETITIONER-APPELLANT,
v.
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1961.
Decided September 28, 1961.
*176 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Abraham I. Mayer argued the cause for appellant (Messrs. Mayer and Mayer, attorneys)
Mr. Dominic J. Hart argued the cause for respondent (Mr. Herman D. Ringle, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Petitioner appeals from a decision of the Commissioner of Labor and Industry affirming a ruling by the Director of The Division of Employment Security. The decision was that services performed by petitioner's solicitors as hereinafter noted constituted employment within the meaning of the Unemployment Compensation Law of New Jersey and that petitioner was liable for contributions to the Unemployment Compensation fund on the remuneration paid these solicitors.
The facts are not in dispute and have been stipulated as follows:
*177 "Bloom owns and publishes several newspapers. He sells advertising for his own and several other newspapers, some of which are printed outside the State of New Jersey and have their places of business outside New Jersey. He sells advertising for himself and others, in part through the services of telephone solicitors who are housewives and who perform such services as an incident to their housework.
The telephone solicitors are secured by Bloom through advertisements in the help-wanted sections in other newspapers throughout New Jersey under the caption `HELP WANTED WOMEN.' The advertisements offer work for women in their homes as telephone solicitors on a commission basis. Occasionally, men are included in the advertisements. Typical advertisements read as follows:
`Telephone Solicitors to Work From Home. Experience Preferred. Commission. Mitchell 2-0545.'
Bloom interrogates prospective solicitors by phone and if found satisfactory engages them and gives them instructions on interviewing prospective customers, information to be obtained, cost of space, collection, and other pertinent matters. Advertisements obtained by solicitors are mailed to Bloom. The solicitors never went into the place of business of Bloom.
The remuneration of the solicitors is a 20% commission which is paid by Bloom to them weekly by check whether or not he collects the costs of the advertisements. When solicitors are engaged, they sign a paper captioned `RELEASE' which states that they are independent contractors and have no other business, work or occupation other than that of housewife. A copy of the release is attached to this Stipulation and made a part hereof.
Bloom did not supervise the services of the solicitors nor did he control the time during or the territory in which such services were performed, nor did he reimburse the solicitors for any expenses incurred by them. Bloom never terminated the services of any solicitor. Many of the solicitors submitted one or two ads, and with few exceptions the commissions of each did not exceed $50 over the period in question. The federal government did not require social security or withholding taxes nor were they paid.
Bloom's payroll book did not include the solicitors, nor were social security taxes deducted from their earnings. Bloom in his own income tax return showed as a deduction the remuneration paid to the solicitors as `commissions paid.'
An audit of Bloom's records by the Division's auditors disclosed a liability for contributions for the period October 1, 1954 to September 30, 1958, of $1,881.84 which had not been reported, with interest to November 25, 1958 of $291.92.
Services performed by a collector, Bercik, and those who substituted for him were held, by reason of the facts, not to constitute employment as defined by the Unemployment Compensation Law of New Jersey, and this finding is not an issue on appeal."
*178 The Unemployment Compensation Law, R.S. 43:21-1 et seq. is social legislation providing for the payment of compensation to unemployed persons who qualify under the provisions of the law. The payments are made out of a fund which is financed by contributions thereto by employers and workers based on the wages paid and received as specified in the law. If the employer fails to deduct the contributions of any of his workers at the time wages are paid, he alone is liable to the fund for such contributions.
The issue presented is whether the services rendered by these solicitors constitute "employment" within the meaning of the Unemployment Compensation Law, N.J.S.A. 43:21-19(i)(1) and (6). If so, petitioner is liable for contributions to the fund on the remuneration paid these solicitors.
For convenience, the text of N.J.S.A. 43:21-19(i)(1) and (6) is reproduced.
"(i) (1) `Employment' means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, express or implied.

* * * * * * * *
(6) Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the division that
(A) such individual has been and will continue to be free from control or direction over the performance of such service both under his contract of service and in fact; and
(B) such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
(C) such individual is customarily engaged in an independently established trade, occupation, profession or business."
There can be no doubt but that the solicitors in the instant case performed services for petitioner for remuneration so that these services are to be deemed employment within the meaning of the law unless the requirements of N.J.S.A. 43:21-19(i)(6) supra, the so-called ABC test, *179 are fulfilled. All three of the conditions specified in the law must coexist, so that when the service relationship fails to meet any one of the tests, statutory "employment" results. Schomp v. Fuller Brush Co., 124 N.J.L. 487 (Sup. Ct. 1940), affirmed 126 N.J.L. 368 (E. & A. 1941); Gilchrist v. Division of Employment Security, 48 N.J. Super. 147 (App. Div. 1957).
In the Division the ruling was that at least test (C) had not been met, in that petitioner had not shown that these solicitors were customarily engaged in an independently established trade, occupation, profession or business.
On this appeal petitioner contends that the requirements of (C) were met because (1) the telephone solicitors were continually engaged in an independently established trade, occupation or business, namely, the trade or occupation of telephone solicitors; (2) all of his solicitors were housewives and performed their service for petitioner as incident to their housework, so that they were continually engaged in the independently established occupation of housewife; and (3) the Unemployment Compensation Act was never intended to cover the relationship between petitioner and his solicitors who are only housewives earning "pin money" in their spare time and who would not be eligible for benefits under the law since they would not earn enough to qualify them for benefits, N.J.S.A. 43:21-4(e), N.J.S.A. 43:21-19(t); furthermore, they would never become "totally or partially unemployed," N.J.S.A. 43:21-4(d); or be "available for work," or "actively seeking work," N.J.S.A. 43:21-4(c).
Petitioner's arguments are not persuasive. It is a play on words to say that these women are customarily engaged in the independently established trade, occupation or business of telephone soliciting. The provisions of (C) call for a trade, occupation, profession or business that exists independently of the particular service relationship and will survive the termination of the particular relationship. Such *180 is not the case here. Nor does the solicitors' status as housewives bring them within the (C) test, the provisions of which manifestly refer to a trade, occupation, profession or business which is customarily engaged in for remuneration and not to such an estate as housewifery.
Petitioner argues that the Unemployment Compensation Act was never intended to apply to his relationship with these telephone solicitors. However, the act is broad and sweeping in its coverage, and the services performed by these solicitors are deemed to be employment subject to the Unemployment Compensation Law unless the ABC test, supra, is satisfied. Petitioner has not done so, and therefore he is liable for the contributions assessed.
At the oral argument counsel for petitioner conceded that petitioner does have employees (other than the telephone solicitors) whose employment is subject to the Unemployment Compensation Law and that contributions are paid to the fund as to such employees.
Affirmed.